AO 245D-CAED (Rev. 9/01) Sheet 1 - Judgment in a Criminal Case for Revocation

Case 2:01-cr-00312-LKK   Document 26   Filed 10/04/06   Page 1 of 5

FILED
OCT - 4 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
     DEPUTY CLERK

# United States District Court
## Eastern District of California

UNITED STATES OF AMERICA
v.
**ERIC LONNIE NEILL**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)
Criminal Number: **2:01CR00312-01**

Matthew Bockmon, Assistant Federal Defender
801 "I" Street, Third Floor
Sacramento, California 95814
Defendant's Attorney

## THE DEFENDANT:

[✔] admitted guilt to violation of charge(s) 1, 2, 3, 4, 5, as alleged in the violation petition filed on March 31, 2006.
[ ] was found in violation of condition(s) of supervision as to charge(s) __ after denial of guilt, as alleged in the violation petition filed on __.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| 1 | New Law Violation - Possession of a Controlled Substance (Methamphetamine) | 06/27/2005 |
| 2 | Possession of a Controlled Substance (Methamphetamie) | 10/16/2004 |
| 3 | Unlawful Use of a Controlled Substance (Amphetamine/Methamphetamine) | 11/17/2005, 11/23/2005, 12/14/2005, 1/11/2006 |
| 4 | Failure to Report for Scheduled Drug Testing | 09/30/2005, 11/22/2005, 01/25/2006, 01/26/2006, 01/27/2006, 02/03/2006, 02/17/2006 |
| 5 | Failure to Pay Restitution (Default) | 03/30/2006 |

The court: [✔] revokes: [ ] modifies: [ ] continues under same conditions of supervision heretofore ordered on June 21, 2001.
The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔] Probation 12C Petition filed on 08/25/2006 is dismissed.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

September 26, 2006
Date of Imposition of Sentence

_/s/ Lawrence K. Karlton_
Signature of Judicial Officer

**LAWRENCE K. KARLTON**, United States District Judge
Name & Title of Judicial Officer

10/4/06
Date

CASE NUMBER:      2:01CR00312-01                                        Judgment - Page 2 of 4
DEFENDANT:        ERIC LONNIE NEILL

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 11 months, consecutive to the term ordered in Docket Number 2:01CR00501-01, for a total term of 21 months, with no supervision to follow.

[✔]  The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be incarcerated in Lompoc, California facility, but only insofar as this accords with security classification and space availability. The Court recommends the defendant participate in the 500-Hour Bureau of Prisons Substance Abuse Treatment Program.

[✔]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
 [ ] at ___ on ___.
 [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
 [ ] before _ on ___.
 [ ] as notified by the United States Marshal.
 [ ] as notified by the Probation or Pretrial Services Officer.
 If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

| | |
|---|---|
| CASE NUMBER: 2:01CR00312-01 | Judgment - Page 3 of 4 |
| DEFENDANT: ERIC LONNIE NEILL | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ | $ | $ 86,822.40 |

[ ] The determination of restitution is deferred until ___ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✔] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See list Attached | 86,822.40 | 86,822.40 | |
| TOTALS: | $ 86,822.40 | $ 86,822.40 | |

[ ] Restitution amount ordered pursuant to plea agreement $ ___

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] The interest requirement is waived for the      [ ] fine      [ ] restitution

    [ ] The interest requirement for the      [ ] fine      [ ] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| CASE NUMBER: | 2:01CR00312-01 |
| DEFENDANT: | ERIC LONNIE NEILL |

Judgment - Page 4 of 4

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [ ]   Lump sum payment of $ ___ due immediately, balance due

         [ ]    not later than ___ , or
         [ ]    in accordance with     [ ] C,    [ ] D,    [ ] E, or       [ ] F below; or

B    [✓]       Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or [ ] F below); or

C    [ ]   Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g., months or years), to commence ___ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]   Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g., months or years), to commence ___ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ]   Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✓] Special instructions regarding the payment of criminal monetary penalties:
        Collectible by the U.S. Attorney's Office as an undischargeable civil judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including costs of prosecution and court costs.

a.     $8,116.04 is owed to Key Bank and should be sent in care of Linda Moss, Key Bank Security, 201 South Warren Street, Syracuse, New York 13202, **re: Belynda Randleman**.

b.     $5,753.50 is owed to Solvay Bank and should be sent in care of Frank Guido, Solvay Bank, 1537 Milton Avenue, Solvay, New Yor, 13209, **re: Debra Cyr**.

c.     $3,338.48 is owed to OnBank, now M & T Bank, Security Department, 101 South Salina Street, Syracuse, New York 13202, Attention Ronald Klein, **re: Becky Condit**.

d.     $12,994.33 is owed to BSB Bank and Trust (formerly Skaneateles Savings Bank) and should be sent in care of Bill Volk, 58-68 Exchange Street, Binghampton, New York 13902, **re: Tina Bernardini, 0390354323**.

e.     $2,282.11 is owed to CoreStates Bank (now First Union Bank) **re: Michelle Coreley**, see address below.

f.     $14,356.21 is owed to Fidelity Deposit and Discount Bank, c/o Bernie Desmarais, Blakely and Drinker Streets, Dunmore, Pennsylvania 18512, **re; Elizabeth O'Brien**.

g.     $2,654 is owed to First Union Bank, Corporate Fraud, P.O. Box 157, Wind Gap, Pennsylvania 18091, **re: Laura Marshall** (send CoreStates to the same address).

h.     $9,730 is owed to Franklin First Savings Bank (now M & T Bank), payments should be sent to Robert Adams, M & T Bank, Security Department, 15 South Franklin Street, Wilkes-Barre, Pennsylvania 18711, **re: Celeste Yost**.

i.     $18,388.25 is owed to Guaranty Bank (now Sun Bank), payments should be sent to 2 South Market Street, P.O. Box 57, Selinasgrove, Pennsylvania 17870, Attn: Margaret Miller, **re: Lora Slade/Tasty Telegrams**.

j.     $8,116.50 is owed to Mellon Bank, payments should be sent to Mellon Bank, 8 West Market Street, Wilkes-Barre, Pennsylvania 18711, Attn: Joseph Donnelly, **re: Robin Gauldin**.

k.     $6,354 is owed to Penn Security Bank, 150 North Washington Avenue, Scranton, Pennsylvania 18503, **re: Carol Lorang**.

l.     $5,138.98 is owed to Summit Bank, Attn: Jay Vasilik, 1 Bethlehem Plaza, Bethlehem, Pennsylvania 18018, **re: Aliza Pope**.